### KELLY v. LOBIT et al.

#### No. 10994.

Court of Civil Appeals of Texas. Galveston.

May 30, 1940.

302

A. D. Dyess and Franklin & Blankenbecker, both of Houston, for appellant.

Albert J. DeLange, Robert P. Beman, Jr., and Emory T. Carl, all of Houston, for appellees.

MONTEITH, Chief Justice.

This is an appeal from an order sustaining a plea of privilege in an action originally brought in the district court of Harris County by appellants, Myrtle E. Lobit Kelly et al., against appellees, Louis Lobit and Paul Lobit, to compel an accounting and to recover judgment for whatever sum there might be found to be due appellants.

After the institution of the suit Mrs. Kelly died and her husband, Donald S. Kelly, intervened as administrator of her estate and as guardian of the estate of Joseph Lobit, Jr., a minor, and was substituted in said capacities in place of the original plaintiff.

Appellee Paul Lobit filed his plea of privilege to be sued in Galveston County. Subject to his plea of privilege, Louis Lobit and Paul Lobit filed their original answer. Later appellee Louis Lobit filed what he characterized as an amended plea of privilege, in which he for the first time prayed that the suit be transferred to Galveston County.

In due time Myrtle E. Lobit Kelly, individually and as guardian, filed her controverting affidavit in which she claimed venue in Harris County under subdivisions 4 and 29a of Art. 1995, Revised Statutes of 1925, Vernon's Ann.Civ.St. art. 1995, subds. 4, 29a.

Upon hearing before the court an order was entered sustaining the pleas of privilege and directing the transfer of the cause to Galveston County. Appellant appeals from this order.

It was agreed that Louis Lobit was a resident of Harris County and that Paul Lobit was a resident of Galveston County.

The record shows that Joseph Lobit, Sr., died in 1912, leaving a will, by the terms of which Louis Lobit and Paul Lobit were named independent executors without bond. The will was admitted to probate in Galveston County and they duly qualified as such executors. No inventory, appraisement, or list of claims has been filed by them as executors in the probate court and they have filed no resignation as such executors in the probate court. After administering the affairs of said estate for approximately three years, appellees filed what they termed a resignation as executors of said estate in the deed records of Galveston County. Thereafter both Louis and Paul Lobit continued to act in certain matters pertaining to said estate, Louis Lobit under a power of attorney from his sister, and Paul Lobit under a power of attorney from his brother, Joseph Lobit. The record shows that there are numerous tracts of land in various counties in Texas belonging to said estate which have not been distributed among the beneficiaries under said will.

Joseph Lobit, the brother of Louis and Paul Lobit, and the husband of Myrtle E. Lobit Kelly, died in 1933. Myrtle E. Lobit Kelly died on December 15, 1938.

The only question presented in this appeal is whether the venue of this action was properly laid in Harris County.

Appellee Paul Lobit, in his plea of privilege, prays "that the above suit be transferred to the district court of Galveston County, Texas, and for such other orders herein as may be necessary and proper for said purpose."

No proper plea of privilege to be sued in Galveston County was filed by Louis Lobit.

In his original petition appellant prays that appellees be required to prepare and file a complete inventory, appraisement, and list of claims of the estate of their father, Joseph Lobit, deceased, which came into their hands as independent executors; and to show the disposition, if any, made by them of said property and the proceeds of the sale thereof, since the death of their said father; that they be required to file a statement of all sums and a description of all property, real and personal, which they as such executors, or as individuals, or acting under any power of attorney from their brother, Joseph Lobit, have at any time paid and delivered to Joseph Lobit, and to produce a receipt from Joseph Lobit of all sums paid to him during his lifetime. Appellant prays for judgment against said appellees, and each of them, for such sums as it may be made to appear that they were indebted to their said brother at the time of his death, or to the plaintiffs thereafter.

To fix venue of this action in Harris County, appellant relies upon subdivisions 4 and 29a of Article 1995, Revised Civil Statutes.

. The material parts of said Article 1995 read:

"No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases: * * *

"4. Defendants in different counties.— If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides. * * *"

"29a. (Two or more defendants.) Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto."

 In construing Subdivisions 4 and 29a of said Article 1995, our courts have held that under said Subdivision 4 it is necessary that there be as to the resident defendant a bona fide cause of action and that the non-resident defendant must either be a necessary or a proper party, and that under said Subdivision 29a the venue of an action is determined by reason of the nature or the character of the action. It is now the settled law that Subdivision 29a merely operates to add another exception to Article 1995, and leaves Subdivision 4 unrepealed and wholly unamended. Henderson Grain Co. v. Russ, 122 Tex. 620, 64 S.W.2d 347.

The record shows that Paul Lobit and Louis Lobit were joint executors of the estate of Joseph Lobit, deceased. They were jointly and severally required under the terms of said will to file an inventory and a list of claims due said estate, and the beneficiaries under said will had a right to demand an accounting from each of them of their administration of said estate as such executors. Each of said executors could legally act without the joinder of the other in matters pertaining to said estate, except in the sale of land, and the act of each in connection with said estate was binding upon the other.

Appellant's action is a suit against appellees, both as executors and in their individual capacities, growing out of alleged malfeasance done in their official capacities and for an accounting as such, and is in no sense a suit to either partition said estate or to establish a money demand against it.

Under the pleadings of the parties and the facts adduced on the hearing on the plea of privilege and the controverting affidavit, Paul Lobit was not only a proper but a necessary party to the action, and since Louis Lobit is suable in Harris County, the county of his residence, his co-defendant, Paul Lobit, is likewise suable there.

The judgment of the trial court is therefore reversed and the cause remanded, with instructions to the trial court to retain venue of the suit in Harris County.

Reversed and remanded with instructions.